IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

        Plaintiff,

v.

WASHINGTON MUTUAL INC., WMI
INVESTMENT CORP.,

        and

FEDERAL DEPOSIT INSURANCE
CORPORATION,

        Defendants.

Civil Action No. 09-656 (GMS)

Bankruptcy Case No. 08-12229

Adv. Proc. No. 09-50551

---

**DEBTORS' RESPONSE TO JPMORGAN CHASE BANK, N.A.'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together with WMI, the "Debtors") submit this response to the notice of supplemental authority (the "Notice") submitted on September 18, 2009 by JPMorgan Chase Bank, N.A. ("JPMC") regarding its motion to withdraw the reference (the "Motion") from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for two adversary proceedings: *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc.*, Adv. Proc. No. 09-50551 (MFW) (Bankr. D. Del); and *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW) (Bankr. D. Del) (together, the "Adversary Proceedings").

In the Notice, JPMC erroneously asserts that the September 9, 2009 decision by the United States District Court for the Southern District of Texas in *American National Insurance Co. v. FDIC,* No. 3:09-cv-00044 (slip op.) lends support to its Motion, in which JPMC argued withdrawal of the reference for the Adversary Proceedings is warranted "because adjudication of

the claims [in the Adversary Proceedings] requires substantial and material consideration of federal law," including in particular the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"). (Mem. of Law in Supp. of Withdrawal Motion (D.I. 2 at 29 – 34)).

In fact, the 5-page *American National* decision, which concerns the applicability of section 1821(d)(13)(D) of FIRREA to claims asserted by certain stakeholders of WMI and WMB, in addition to being poorly-reasoned, has no relevance to the Motion. JPMC misinterprets the standard applicable to the Motion in two ways.[1]

First, the Bankruptcy Court below, pursuant to controlling Third Circuit authority, has already determined that section 1821(d)(13)(D) of FIRREA is inapplicable to the Adversary Proceedings and the claims asserted therein. Thus, in resolving the Adversary Proceedings, the Bankruptcy Court will *not* have to substantially and materially consider section 1821(d)(13)(D) of FIRREA – the provision of FIRREA at issue in *American National*. It already has disposed of the issue.

Second, even if it were the case that the Bankruptcy Court had not yet considered (and rejected) the applicability of section 1821(d)(13)(D) to the Adversary Proceedings, consideration thereof would not warrant withdrawal of the reference given the well-settled state of the law in the Third Circuit on the scope of section 1821(d)(13)(D)'s application. *See Rosa v. RTC*, 938 F.2d 383, 394 (3d Cir. 1991) (holding that section 1821(d)(13)(D) of FIRREA did not bar an action against a successor bank that had purchased a failed depository institution's assets out of receivership pursuant to a purchase and assumption agreement); *Hudson United Bank v. Chase*

---

[1] Mandatory withdrawal of the reference, pursuant to 28 U.S.C. § 157(d), is only appropriate when consideration of law outside of the Bankruptcy Code is both (1) *necessary* for the resolution of the case or proceeding; and (2) *substantial and material* to the resolution of the case or proceeding. *In re Columbia Gas Sys., Inc.*, 134 B.R. 808 (D. Del. 1991)

*Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843 (3d Cir. 1994) (the first prong of section 1821(d)(13)(D) "applied only to claims against failed institutions while [the second prong] applied to claims against the failed institutions specified in (i) as well as to claims against the receiver of such institutions"). In acknowledgment of this, the Bankruptcy Court recently found that JPMC's appeals of its rulings considering the inapplicability of section 1821(d)(13)(D) in the Adversary Proceedings were "frivolous." *See* Bankruptcy Court Tr. 9/25/09 at 39:11-15 ("With respect to the merits of the appeal, I've already made my ruling on that numerous times. I need not issue it again. I think the decision of JPMC that I do not have jurisdiction is frivolous."). Notably, the Bankruptcy Court's determination was made after hearing argument from JPMC and Debtors on the import (or lack thereof) of the *American National* decision on the merits of JPMC's putative appeals before this Court. Therefore, even under a hypothetical analysis in which the Bankruptcy Court had yet to consider section 1821(d)(13)(D)'s application to the Adversary Proceedings, the Motion should be denied. The Bankruptcy Court would simply have to engage in a straightforward application of *Rosa's* and *Hudson's* controlling precedent. Such an application of law does not warrant withdrawal of the reference – a doctrine for which Congress intended a narrow application.[2] *American National*, a decision from the Southern District of Texas, does not alter this.

Finally, and in any event, it is also notable that the *American National* court, where Debtors are not a party, never addressed the arguments that Debtors presented to the Bankruptcy

---

[2] The consideration of non-Title 11 federal law will only be considered "substantial and material" where it requires "meaningful consideration" as opposed to the "simple application" of well-settled law. *See In re Smith-Corona Corp.*, 205 B.R. 712, 714 (D. Del. 1996); *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794(E.D. Pa. 2000). Courts have articulated the standard as requiring that the non-bankruptcy issue be one of "first impression" that is "sharply in conflict" with Title 11. *See In re Continental Airlines*, 138 B.R. 442 (D. Del. 1992).

Court. Indeed, the court based its decision on the *FDIC's* "right to defend suits against it at specific locations," claiming that "plaintiffs' case is not unlike WMI's suit against the *FDIC-Receiver* that is currently pending in the District Court of Columbia." (*American National* at 4-5.) (emphasis added). The court thus ignored that the *American National* plaintiffs had in fact commenced suit solely against JPMC, and not the FDIC. *American National* is further puzzling in that it cites *Hudson* only for the unremarkable proposition that FIRREA contains a limitation on the venues in which suits may be brought against the FDIC, while ignoring *Hudson's* specific explanation that related section 1821(d)(13)(D) is not a bar to claims against third-parties. *Hudson,* 43 F.3d at 848 n.10. In fact the *American National* court does not reference the Bankruptcy Court's earlier ruling nor does it acknowledge or cite to *Rosa* at all. Moreover, as noted by the Bankruptcy Court on September 25, 2009, the *American National* court did not have to consider the countervailing interest of a bankruptcy court's exclusive jurisdiction over property of the bankruptcy estate. *See* 28 U.S.C. §§ 1334, 157.

For all of the reasons discussed above, *American National* does not lend support to the Motion.

Dated: September 28, 2009
Wilmington, Delaware

**ELLIOTT GREENLEAF**

/s/ Neil R. Lapinski
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Neil R. Lapinski (DE Bar No. 3645)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
E-mail: rxza@elliottgreenleaf.com
E-mail: nrl@elliottgreenleaf.com
E-mail: sak@elliottgreenleaf.com

-and-

4

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Peter E. Calamari
Michael B. Carlinsky
Susheel Kirpalani
David Elsberg
51 Madison Avenue
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Special Litigation and Conflicts Co-Counsel to Washington Mutual, Inc. and WMI Investment Corp.*